IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN KOSTIAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:11-cv-00725 |
| v. | ) |
| | ) Judge Terrence F. McVerry |
| TOYOTA OF GREENSBURG; and, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| DANIEL OWENS, | ) |
| | ) ECF No. 6 |
| Defendants. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint (ECF No. 6) pursuant to Rule 12(b)(6) be granted without prejudice as to Counts 5 and 6 with leave to file an Amended Complaint.[1]   It is further recommended that the Motion to Dismiss Count 7 be granted and that amendment would be futile.

**II.   REPORT**

In this employment discrimination case, Plaintiff has brought claims alleging sexual discrimination/harassment, hostile work environment, wage discrimination and retaliatory termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* (Counts 1, 2, 3 and 4).  Plaintiff also asserts claims for sexual

---

[1] Defendants request dismissal pursuant to both Rules 12(b)(1) and 12(b)(6). (ECF No. 6.)  Rule 12(b)(1) does not provide a proper method for dismissal in this case.  The Third Circuit has held that a "[f]ailure to exhaust administrative remedies, while *not a jurisdictional defect*, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Devine v. St. Luke's Hospital*, 2011 WL 62836 at *2 (3d Cir., Jan. 10, 2011) (emphasis added) (*citing Anjelino v. New York Times Co.*, 200 F.3d 73 (3d Cir. 2000)).  As such, the Court will address Defendants' motion pursuant to Rule 12(b)(6) and not Rule 12(b)(1).

discrimination, hostile work environment, and retaliatory termination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 *et seq.* (Count 5) and aiding and abetting in violation of the PHRA (Count 6). In addition, Plaintiff asserts a claim for harassment unrelated to her Title VII and PHRA claims (Count 7).

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1367, 42 U.S.C. §2000e-5(f), and 29 U.S.C. §626(c). Venue lies in this district as both Defendants reside within the district and a substantial portion of the acts alleged in support of the Plaintiff's employment discrimination claims occurred here.

Defendants seek to dismiss, in part, Plaintiff's Complaint, and in support, submit that Plaintiff has failed to exhaust her administrative remedies with regard to the following claims: (1) sexual discrimination, hostile work environment and retaliatory termination in Count 5, and (2) aiding and abetting in Count 6. In addition, Defendants move to dismiss Plaintiff's harassment claim in Count 7 for failure to state a claim upon which relief can be granted as a matter of law, contending that Pennsylvania does not recognize harassment as an actionable tort.

For the reasons set forth below, the Court recommends that Defendants' motion for partial dismissal be granted.

### A. Relevant Facts

The facts, viewed in the light most favorable to the Plaintiff Joann Kostial, are as follows. On or about February 9, 2007, Joann Kostial (hereinafter "Plaintiff") began working for Defendant Toyota of Greensburg (hereinafter "Toyota") as a greeter. (Compl.¶12, ECF No. 1 at 3.) In or around March of 2007, Plaintiff was promoted and received the title of "Customer Relations Manager." (Compl.¶13, ECF No. 1 at 3.) At all times material to this cause of action, Daniel Owens (hereinafter "Owens"), the General Manager of Toyota, served as Plaintiff's

supervisor. (Compl. ¶¶9-10, ECF No. 1 at 3.) In 2009, Plaintiff claims that Owens and other male employees of Toyota began to subject her to various sexually explicit and harassing statements and actions, including an allegation that Owens tried to take a picture up her skirt with his cell phone, and that he hid under her desk, claiming afterwards that he was trying to scare her. (Compl., Factual Background ¶¶14-17, ECF No. 1 at 3.) Plaintiff also alleges that Owens made frequent harassing and sexual comments to her and about her, including asking "How is your vagina today?", telling Plaintiff her ass would get bigger if she ate her meal, telling Plaintiff that her boyfriend was a child molester, telling Plaintiff's son that she was a "f---ing whackjob," and telling Plaintiff that she was like one of his dogs. (Compl. ¶¶18-25, 29-30, ECF No. 1 at 3-4.) Plaintiff further contends that Owens failed to adequately discipline a male salesman who called Plaintiff a "f---ing cunt" by only requesting that the salesman apologize to her. (Compl.¶26, ECF No. 1 at 4.)

According to Plaintiff, Owens also treated her differently in her employment capacity because she is a woman. (Compl. ¶27, ECF No. 1 at 4.) Plaintiff contends that she was made to run personal errands for Owens (including cashing personal check for him, picking up personal items for him at Sam's Club, and picking up his lunch), and received substantially lower wages than similarly-situated employees in her region. (Compl. ¶¶31-33, ECF No. 1 at 4.) Additional allegations were made which are not germane to this motion.

Plaintiff further contends that she was harassed by a female employee named Maria Ponterio (hereinafter "Ponterio"), who served as the Finance Manager at Toyota. (Compl. ¶¶54-55, ECF No. 1 at 6.) According to Plaintiff, on no less than twelve (12) occasions, Ponterio came into Plaintiff's office and asked Plaintiff why she was not talking to her and why Plaintiff would not be her friend. (Compl. ¶56, ECF No. 1 at 6.) Despite Plaintiff's consistent response

3

that she did not dislike Ponterio, Plaintiff alleges that Ponterio continued to ask her those questions, sometimes grabbing Plaintiff's arm while asking them. (Compl. ¶¶57-58, ECF No. 1 at 6.) Plaintiff contends that she reported these incidents on multiple occasions with various Toyota management personnel, but nothing was done to remedy the situation. (Compl. ¶¶59-61, ECF No. 1 at 7.) Plaintiff alleges that she filed a formal written complaint with Elzer which resulted in a meeting with Ponterio, Plaintiff, and various management personnel. Following the meeting, both Ponterio and Plaintiff were required to sign letters of reprimand, and Plaintiff was told that if she did not sign the paper, she would be found to be uncooperative and would be fired. (Compl. ¶¶62-65, ECF No. 1 at 7.)

### B. Administrative Filings with PHRC

On March 7, 2011, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (hereinafter the "EEOC Complaint"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). (ECF No. 12-1.) In her EEOC Complaint, Plaintiff asserted a claim of discrimination based on sex and a claim of retaliation. On May 16, 2011, Plaintiff received a Notice of Right to Sue from the EEOC. (ECF No. 12-2.) Plaintiff contends that she also received a notice that "the PHRC has closed her case administratively," but such notice has not been provided and is not a part of the record. (ECF No. 9 at 3.) Plaintiff instituted this federal action on June 2, 2011. Defendants timely filed a motion for partial dismissal of the Complaint on July 28, 2011. (ECF No. 6.) The motion has been fully briefed and responded to. The motion for partial dismissal is now ripe for disposition.

### C. Legal Standard – Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A

complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals <u>has expounded on this standard in light of its decision in</u> *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate

5

that the plaintiff has a "plausible claim for relief." *Id*. at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).[2]

### D. Discussion

#### 1. Failure to Exhaust Administrative Remedies

In their motion to dismiss the PHRA claims in Counts 5 and 6, Defendants argue that Plaintiff failed to exhaust her administrative remedies prior to filing suit in federal court. (ECF No. 7 at 4.) Specifically, Defendants argue that Plaintiff filed her PHRA claims less than one year after her charge was submitted to the Pennsylvania Human Rights Commission (hereinafter "PHRC"), and prior to the PHRC dismissing her charge or entering into a conciliation agreement to which she was a party. (ECF No. 7 at 5.) Based on the evidence currently in the record, the

---

[2] Of particular relevance here, several district courts in this circuit have held that an EEOC charge of discrimination and other related documents (e.g., right to sue letter, intake questionnaire) are public records, and therefore, the court may consider these documents without converting the motion to dismiss into a motion for summary judgment. *Branum v. United Parcel Serv., Inc.,* 232 F.R.D. 505, 506 n. 1 (W.D.Pa. 2005) (Conti, J.) (citing *Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777, 782 (W.D.Pa. 2000) (Cohill, J.); *Burkhart v. Knepper,* 310 F. Supp. 2d 734, 741-42 (W.D.Pa. 2004) (Gibson, J.); *Hercik v. Rodale, Inc.,* No. Civ.A. 03-CV-06667, 2004 WL 1175734, * 1 (E.D.Pa. May 24, 2004) (other citation omitted)); *see also Price v. Schwan's Home Serv., Inc.,* No. Civ. A. 05-220J, 2006 WL 897721, * 3 (W.D.Pa. Apr. 3, 2006) (Gibson, J.) (In deciding motion to dismiss, court could rely on PHRC complaint where defendant made it part the motion, the document was authentic, and plaintiff's claim rested upon it (citing *Steinhardt Group, Inc. v. Citicorp,* 126 F.3d 144, 145 (3d Cir. 1997))).

court agrees.

The PHRA requires that all claims raised under the statute be raised first with the PHRC "within one hundred and eighty [180] days after the alleged act of discrimination." 43 P.S. § 959(h). After filing such claims, the PHRC "has exclusive jurisdiction over the claim for a period of one year in order to investigate and, if possible, conciliate the matter." *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 471 (3d Cir. 2001) (citing *Clay v. Advanced Computer Applications, Inc.,* 559 A.2d 917, 920 (Pa. 1988)). Pursuant to the statute, such exclusive jurisdiction remains in the PHRC unless one of the limited exceptions from Section 12(c), 43 P.S. § 962(c), is satisfied. *See Santi v. Business Records Management, LLC,* 2010 WL 3120047 at *6 (W.D. Pa., Aug. 9, 2010) ("A party may only pursue [a] PRHA claim in the courts if, within one year of the filing of an administrative complaint, the PHRC dismisses the complaint or fails to enter a conciliation agreement to which the complainant is a party.") *See also Fye v. Central Transportation, Inc.,* 409 A.2d 2, 4-5 (Pa. 1979) ("Section 12(c) provides that the rights of a complainant invoking the procedures under the PHRA shall not be foreclosed from resort to the courts, 'if within one (1) year after filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party'").

In her Complaint, Plaintiff claims that she "has exhausted all her administrative remedies and received a Right to Sue letter on May 16, 2011." (Compl. ¶5, ECF No. 1 at 2.) In response to Defendant's argument that the Right to Sue letter from the EEOC does not satisfy the requirement of dismissal or conciliation by the PHRC, Plaintiff contends that she has "received notification that the PHRC has closed her case administratively." (ECF No. 9 at 3.) Plaintiff, however, has not submitted this notification to the Court. As such, Defendant argues that the

closing of Plaintiff's case by the PHRC was likely due to a July 10, 1992 policy issued by the PHRC. *See* PHRC Policy No. 92-02, ECF No. 12- 3. That Policy provides in pertinent part that where a complainant files a complaint with both the PHRC and the EEOC, and the complainant chooses to proceed in federal court, the Commission, upon becoming aware of the filing in federal court, "shall dismiss the PHRC complaint." *Id.* Based on the absence of evidence in the record demonstrating otherwise, the Court must assume that the notification may be pursuant to the aforementioned PHRC policy and may not signal that the agency has actually concluded its investigation into the matter. This assumption is further supported by Plaintiff's choice of the term "closed…administratively" in place of "dismissed."

Pennsylvania courts have made it clear that the exclusive jurisdiction of the PHRC is not waived where an administrative dismissal is made simply pursuant to a plaintiff's filing in federal court. *See Lyons v. Springhouse Corp.,* 1993 U.S. Dist. LEXIS 3039, at *8 (E.D.Pa. Mar. 10, 1993) (court held that the PHRC's dismissal based on its policy regarding claims filed in federal court "does not conform to the prerequisites in §962(c)" and, therefore, the plaintiff had failed to exhaust his administrative remedies). *See also DeAngelo v. Denatalez, Inc.,* 738 F.Supp.2d 572, 588-89 (E.D. Pa. 2010) (court held that since "the PHRC had closed plaintiff's file administratively pursuant to their policy," the plaintiff had failed to exhaust her administrative remedies).

Defendants request that this Court dismiss Counts 5 and 6 with prejudice based on the argument that Plaintiff's PHRA claims are premature. (ECF No. 7 at 4.) This Court, however, is inclined to follow the precedent of numerous district courts in this circuit and grant the motion to dismiss for failure to exhaust administrative remedies *without* prejudice. This precedent was discussed and followed in the aforementioned case of *Santi v. Business Records Management,*

*LLC,* where Judge Ambrose stated:

> I agree with those courts within this Circuit that, when confronted with this issue, have permitted the plaintiff to amend his complaint in accordance with the one year rule once the administrative requirements have been met. Because I find that Santi otherwise states a valid PHRA claim, I grant [the] motion to dismiss the claim for failure to exhaust administrative remedies, without prejudice to Santi's ability to amend his complaint to reinstate his PHRA claim following the completion of the administrative process.

*Santi v. Business Records Management, LLC,* 2010 WL 3120047 at *6 (W.D. Pa., Aug. 9, 2010) (citing *McGovern v. Jack D's, Inc.,* 2004 WL 3120047, at *8 (E.D.Pa. Feb. 3, 2004); *Reilly v. Upper Darby Twp.,* Civ. A. No. 2:09-02465-WY. 2010 WL 55296, at 3-4 (E.D.Pa. Jan. 6, 2010); *Schaefer v. Independence Blue Cross, Inc.,* No. Civ. A. 03-CV-5897, 2005 WL 181896 (E.D.Pa. Jan. 26, 2005); *Pergine v. Penmark Mgmt. Co.,* 314 F.Supp.2d 486, 489-90 (E.D.Pa. Feb. 17, 2000)).

We believe this issue should be handled as it was handled in *Santi*, and are particularly persuaded that granting the motion without prejudice is the fair result because, taking Plaintiff at her word, she may have already exhausted her administrative remedies. Allowing Plaintiff the opportunity to amend her complaint will give her the chance to provide evidence of such exhaustion. For this reason, Defendants' motion to dismiss the PHRA claims in Count 5 and 6 should be granted without prejudice, and the Plaintiff should be allowed to amend her Complaint to reinstate her PHRA claims after she exhausts her administrative remedies (or can offer evidence that she has already done so).

### 2. <u>Failure to State a Claim of Harassment</u>

In their motion to dismiss the harassment claim in Count 7, Defendants argue that harassment is not a recognized tort in Pennsylvania. (ECF No. 7 at 6.) As such, Defendants

request dismissal of Plaintiff's harassment claim for failure to state a claim under Rule 12(b)(6). *Id.* Plaintiff concedes that harassment is not a recognized tort in Pennsylvania. (ECF No. 9 at 3.) ("Upon further review of the case law, Ms. Kostial agrees with the assessment of the Defendants.") Plaintiff contends, however, that she should be permitted to amend her complaint to re-categorize her allegations of harassment as allegations of invasion of privacy in the form of intrusion upon seclusion. This Court is not convinced that the facts alleged by Plaintiff set forth a claim for invasion of privacy in the form of intrusion upon seclusion.

Pennsylvania courts do not recognize a tort for harassment. *See DeAngelo v. Fortney*, 515 A.2d 594, 596 (Pa. Super. Ct. 1986) ("Pennsylvania courts have not heretofore recognized a separate tort of harassment.) *See also Utz v. Johnson,* Civil act. No. 04-CV-0437, 2004 U.S. Dist. LEXIS 11551 (E.D. Pa. June 16, 2004) ("[M]ost courts that have addressed this issue have declined to recognize claims for harassment—a trend which the district court continued"). Instead of recognizing a tort for harassment, Pennsylvania courts have recognized the tort of invasion of privacy. *See DeAngelo v. Fortney,* 515 A.2d 594, 596 (Pa. Super. Ct. 1986) ("[A]n action for invasion of privacy will ordinarily be an adequate remedy for highly offensive conduct which unreasonably interferes with another's right to be left alone.")

Pursuant to § 652(B) of the Restatement (Second) of Torts, "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652(B) 1965. Pennsylvania courts have held that in order to maintain a claim for invasion of privacy in the form of intrusion upon seclusion, a plaintiff must demonstrate four elements. These four elements are as follows: "(1) there was an intentional intrusion; (2) upon the solitude or seclusion

of the plaintiff, or his or her private affairs or concerns; and (3) the intrusion was substantial; and (4) highly offensive to the ordinary reasonable person." *Clegg v. Falcon Plastics, Inc.,* 174 Fed. Appx. 18, 28, 2006 WL 887937 (3d Cir. Apr. 6, 2006) (citing *Larsen v. Philadelphia Newspapers, Inc.,* 543 A.2d 1181, 1186-87 (Pa. Super. 1988)). *See also Harris v. Easton Publishing Co.,* 483 A.2d 1377, 1383 (Pa. Super. 1984) (court held that a "defendant is subject to liability…only when he has intruded into a private seclusion that the plaintiff has thrown about his person or affairs."); *O'Donnell v. United States,* 891 F.2d 1079, 1083 (3d. Cir. 1989) ("[T]he intrusion, as well as the action, must be intentional").

Defendants contend that the facts alleged in Plaintiff's Complaint, namely that Ponterio entered Ms. Kostial's office and repeatedly asked Plaintiff why she was not talking to her and would not be her friend, and, in one instance, grabbed Plaintiff's arm, do not support a claim of intrusion upon seclusion. (ECF No. 12 at 7.) Namely, Defendants contend that there was no reasonable sphere of privacy in Plaintiff's office and that the conduct alleged does not rise to the level that it would be "highly offensive to the ordinary reasonable person." (ECF No. 12 at 7-8.) Based on the facts alleged in the Complaint, this Court agrees.

In her Brief in Opposition, Plaintiff asks for leave to amend to "re-categorize" her allegations as a claim for intrusion upon seclusion. She does not, however, indicate that she has additional facts to assert in support of this claim. The Court cannot see any facts which would satisfy the requirements of the new claim. Whatever happened between Plaintiff and Ponterio occurred in the workplace where there is no reasonable sphere of privacy and the actions alleged clearly do not rise to the level of being highly offensive to the ordinary reasonable person. The Court assumes that if more egregious facts existed, they would already have been pled. For this reason, Defendants' motion to dismiss the harassment claim in Count 7 should be granted.

### E. Conclusion

For the reasons set forth above, the Court recommends that the Defendants' Motion for Partial Dismissal of Plaintiff's Complaint be granted with prejudice as to Count 7, and that leave to amend would be futile. The Court further recommends that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint be granted without prejudice as to Counts 5 and 6 and that Plaintiff be allowed to file an amended complaint to cure the deficiencies identified in this Report and Recommendation. However, if Plaintiff fails to file a curative amendment within the time allowed by the District Judge, then this Magistrate Judge recommends that Counts 5 and 6 of the Complaint be dismissed with prejudice.[3]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

November 15, 2011          By the Court:

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:   All Counsel of Record
      *Via Electronic Mail*

---

[3] Defendants also request the awarding of fees and costs expended in relation to the filing of the motion to dismiss. (ECF No. 12 at 8). This Court does not deem such an award necessary based on the information provided by the Defendants in their motion and related briefs.